**Fausto Gonzalez POLANCO, Petitioner–Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SER-VICE, Respondent–Appellee.**

**Docket No. 02–2572.**

United States Court of Appeals, Second Circuit.

Sept. 12, 2005.

Tao Lin, Caesar & Napoli, New York, NY, for Appellant.

F. James Loprest, Jr., Special Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: KEARSE, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Appellant Fausto Gonzalez Polanco brought a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 challenging a final administrative order of removal by the Bureau of Immigration Appeals ("BIA"), and he now appeals from the judgment of the United States District Court for the Southern District of New York (Andrew J. Peck, *Magistrate Judge*) denying his petition. *See Gonzalez–Polanco v. INS,* No. 02 Civ. 2734, 2002 WL 1796834 (S.D.N.Y. Aug. 5, 2002). We assume the parties' familiarity with the facts, procedural context, and the issues on appeal, which we repeat only to the extent necessary.

Gonzalez Polanco's removal order was based on his status as an illegal alien and on a March 12, 1991 conviction for attempted possession of cocaine with the intent to sell in violation of New York state law. The BIA had determined that the nature of his conviction rendered him ineligible to obtain a waiver of deportation based on extreme family hardship under section 212(h) of the Immigration and Nationality Act of 1952 ("INA"), codified as amended at 8 U.S.C. § 1182(h). Gonzalez Polanco has argued before the District Court and on appeal that he should be eligible for such relief under the reasoning of *Beharry v. Reno,* 183 F.Supp.2d 584 (E.D.N.Y.2002), *rev'd on jurisdictional grounds sub nom. Beharry v. Ashcroft,* 329 F.3d 51 (2d Cir.2003). *Beharry* held that it would violate United States treaty obli-

gations and customary international law to apply IIRIRA's restrictions on section 212(h) relief to an alien whose disqualifying criminal conduct occurred prior to IIRIRA's enactment. To avoid the perceived violation of international law, *Beharry* ruled that section 212(h) should be interpreted to allow waivers for otherwise-eligible aliens who "have been convicted of an 'aggravated felony' as defined after they committed their crime, but which was not so categorized when they committed the crime." *Beharry*, 183 F.Supp.2d at 605.[1]

The ruling of the *Beharry* District Court has been expressly rejected today in *Guaylupo–Moya v. Gonzales*, 423 F.3d 121 (2d Cir.2005), which is being filed concurrently with the present summary order. Even if *Beharry* were correctly decided, it would not support for Gonzalez Polanco's petition. *Beharry* intrinsically involved the "retroactive" application of immigration-reform legislation to criminal conduct pre-dating the relevant legislative enactment. But there is no retroactive application of the law in Gonzalez Polanco's case because he is ineligible for section 212(h) relief both under the law at the time of the commission of his offense and under the law at the time of his conviction. To understand this point, a brief review of the statutory history is warranted.

The benchmark for modern immigration law is the Immigration and Nationality of 1952 ("INA"), Pub. L. No. 82–414, 66 Stat. 163. In pertinent part, the 1952 Act created section 212(a), which lists general classes of aliens that are ineligible to receive visas and that can be excluded from admission into the United States. Section 212(h), initially enacted in 1961 as section 212(g),[2] has allowed both lawful permanent residents and illegal aliens, under certain circumstances and in the discretion of the Attorney General, to obtain waivers from exclusion or deportation if they are the spouse, child, or parent of a United States citizen or permanent lawful resident and if they are able to show that their exclusion or deportation would result in "extreme hardship" to such family members in this county.[3]

Section 212(h) relief, however, has always been limited to aliens excludable based on certain prior criminal activity. At its inception and through the 1970s, family hardship waivers were only available for aliens "excludable from the United States under paragraphs (9), (10), or (12) of [section 212(a)]"—aliens who were, respectively, convicted of a crime of moral turpitude, convicted of two or more offenses, or involved in prostitution. Aliens convicted of certain narcotics offenses were separately excludable under section 212(a)(23) of the INA and were not eligible for the family hardship waiver. In 1981, Congress slightly expanded section 212(h) to make waivers available for narcotics offenders, but only if the exclusion is based on a single offense of simple possession of 30 grams or less of marijuana. *See* Act of Dec. 29, 1981, Pub. L. No. 97–116, § 4(3),

---

1. On appeal, we reversed the district court decision in *Beharry* for lack of subject matter jurisdiction due to a failure to exhaust administrative remedies, but we did not reach the merits of *Beharry*'s international law rationale. *See Beharry v. Aschroft*, 329 F.3d at 62–63.

2. Family hardship relief was initially enacted as section 212(g) of the INA by the Act of Sept. 26, 1961, Pub. L. No. 87–301, § 14, 75 Stat. 650, 655, and was re-designated section 212(h) by the Act of Oct. 3, 1965, Pub. L. No. 89–236, § 15(c), 79 Stat. 911, 919.

3. Section 212(h), by its terms, purports to provide a waiver of excludability only; but, "by a quirk elsewhere in the INA," section 212(h) in effect allows for a waiver of deportability as well. *Jankowski–Burczyk v. INS*, 291 F.3d 172, 175 (2d Cir.2002).

95 Stat. 1611, 1611–12. Section 212(h) remained essentially the same through January 1990, when Gonzalez Polanco committed his offense. Thus, under the law at the time of Gonzalez Polanco's offense, he would have been excludable under section 212(a)(23) based on a controlled substance offense, and he would not have been eligible for section 212(h) relief because his offense was for attempted possession of cocaine with the intent to sell, rather than simple possession of 30 grams or less of marijuana.

On November 29, 1990 (after Gonzalez Polanco committed his offense but before his conviction was entered), Congress enacted the Immigration Act of 1990 ("IMMAct"), Pub. L. No. 101–649, 104 Stat. 4978. The IMMAct was the first systemic reform of immigration law since the INA, but its impact on section 212(h) was limited. The IMMAct did not change the general preexisting categories of eligibility for 212(h) relief and only made technical changes to conform the provision to revisions in the structure of section 212(a). See IMMAct § 601(d)(4), 104 Stat. at 5076–77. That is, the IMMAct revised and reorganized section 212(a) of the INA to group together all crime-related grounds for exclusion in section 212(a)(2); in particular, section 212(a)(23)—which made controlled substance offenses grounds for exclusion—was redesignated as section 212(a)(2)(A)(i)(II). See IMMAct § 601(a), 104 Stat. at 5067–68 (amending 8 U.S.C. § 1182(a)). Section 212(h) was correspondingly revised to read: "The Attorney General may, in his discretion, waive the application of ... subparagraph (A)(i)(II) of [section 212(a)(2)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." IMMAct § 601(d)(4), 104 Stat. at 5076–77.

Thus, following the IMMAct, which was enacted prior to Gonzalez Polanco's conviction, Gonzalez Polanco was excludable from the United States under section 212(a)(2)(A)(i)(II) based on his controlled substance offense, and the BIA found him ineligible for a family hardship waiver under section 212(h) because his offense did not relate to simple possession of 30 grams of marijuana or less. As explained above, however, this determination by the BIA was not based on any substantive change in the law created by the IMMAct. Even if Gonzalez Polanco's removal proceeding were controlled by the law in effect at the time of the commission of his offense, he would still be ineligible for section 212(h) relief due to the nature of his narcotics conviction. Therefore, Gonzalez Polanco cannot rely on the decision in Beharry, which held, essentially, that legislation restricting relief under section 212(h) should not apply to aliens whose criminal conduct occurred prior to the relevant legislation and who would have been eligible for such relief under the law in effect at the time of the commission of the offense.

Gonzalez Polanco's petition may also be construed as not relying specifically on Beharry, but as making Beharry-related arguments that international law overrides the relevant congressional enactments or that international law independently entitles him to a compassionate hearing apart from any right under section 212(h) of the INA. To the extent that Gonzalez Polanco makes such arguments, they are without merit for the reasons explained in the Guaylupo–Moya v. Gonzales opinion filed today.

In addition, Gonzalez Polanco asserts that he is eligible for suspension of deportation under former section 244(a) of the INA, which was in effect at the time of his conviction but has since been repealed. Gonzalez Polanco, however, never raised this ground for relief during his removal proceedings (nor did he raise it before the

**64**

Magistrate Judge). The government correctly argues that under 8 U.S.C. § 1252(d)(1), Gonzalez Polanco was required to "exhaust[ ] all administrative remedies available . . . as of right." *See Theodoropoulos v. INS,* 358 F.3d 162 (holding that 8 U.S.C. § 1252(d)(1) applies to habeas petitions), *cert. denied,* —— U.S. ——, 125 S.Ct. 37, 160 L.Ed.2d 34 (2004). Because he failed to request suspension of deportation from the Immigration Judge and BIA, he failed to exhaust his administrative remedies with respect to such relief and we lack subject matter jurisdiction to grant the petition on that basis. *See Beharry v. Ashcroft,* 329 F.3d at 62–63 (finding that the district court lacked subject matter jurisdiction to grant relief under section 212(h) because the petitioner had never requested such relief from the IJ or BIA). The statutory exhaustion requirement is mandatory except in narrow circumstances, *see Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 52 (2d Cir.2004), and Gonzalez Polanco does not present any coherent basis for excusing the failure to exhaust. Moreover, Gonzalez Polanco presents no reason on appeal to show that he would, in fact, be eligible for suspension of deportation, and the government persuasively contends that Gonzalez Polanco would not be eligible for such relief.[4]

We have considered all other arguments raised on appeal by the petitioner-appellant and find them to be without merit. For the foregoing reasons, the judgment of the District Court denying the petition for writ of habeas corpus is AFFIRMED.

---

**4.** Under section 244(a) of the INA, codified at 8 U.S.C. § 1254 and repealed by IIRIRA, an alien was eligible for suspension of deportation if the alien (1) had been physically present in the United States for ten consecutive years preceding the application, (2) was a person of "good moral character," and (3) deportation would result in extreme hardship to the alien or to his spouse, parent, or child, who is a United States citizen or lawful permanent residence. But under section

101(f)(3) of the INA (8 U.S.C. § 1101(f)(3)), Gonzalez Polanco would be deemed as not having good moral character based on his controlled substance offense.

